**Thomas PRICE, Petitioner,**

v.

**Odie WASHINGTON, Respondent.**

No. 98 C 6989.

United States District Court,
N.D. Illinois,
Eastern Division.

June 9, 1999.

---

Thomas Price, East Moline, IL, pro se.

Lisa Anne Hoffman, Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Thomas Price filed this petition for a writ of habeas corpus, 28 U.S.C. § 2254, attacking his state court burglary conviction and the resulting sentence. Price claims that his attorney rendered constitutionally ineffective assistance in that counsel did not file a motion to suppress Price's post-arrest statement; failed to tender a jury instruction on the lesser-included-offense of theft; and neglected to submit certain evidence to the jury. He also claims that his fourteen-year sentence for burglary constitutes cruel and unusual punishment. Because the state court's adjudication of Price's claims was eminently reasonable, we deny his habeas corpus petition.

## FACTS

Price was arrested, along with two co-defendants, after breaking into a building and attempting to steal boxes of aluminum siding. The co-defendants pled guilty, but Price declined a plea bargain that would have resulted in a six-year term of imprisonment. At trial, Price testified that he believed the building he entered was abandoned, and that he was simply looking for a quiet place to shoot-up the heroin he had purchased just before the arrest.

The jury, however, believed the police officers, who testified that when they arrived on the scene Price and his co-defendants were dragging huge boxes of aluminum siding toward doors which appeared to have been pried open. The officers also testified about the dilapidated state of the building's roof, but stated that all of the doors and windows functioned and were secure (except, of course, the door the defendants had pried open).

Officer James Bailey interviewed Price after the arrest. Officer Bailey testified that, after giving Price the *Miranda* warnings, Price said he and his friends had been "junking". Officer Bailey told the jury that "junking" is "picking up scrap metal and selling it for money." Price, however, did not mention drugs during his statement to Officer Bailey and no drug paraphernalia was found at the burglary scene.

On this basis, the jury convicted Price of burglary, and the court sentenced him to fourteen years' imprisonment. Price appealed and, apparently, filed a post-conviction petition at about the same time. The petition was summarily dismissed, and the Illinois appellate court consolidated Price's appeal from that dismissal with the pending direct criminal appeal. *People v. Price*, Nos. 1–96–0194 and 1–96–2132, at 1 (Ill.App.Ct. Sept. 22, 1997) (Pet.Ex.A). Between the direct appeal and state collateral attack, Price fairly presented each of the claims he now asserts as grounds for federal habeas corpus relief. Additionally, the state appellate court addressed each claim on the merits, but affirmed Price's conviction and sentence, as well as the dismissal of his post-conviction petition.

In his habeas corpus petition, Price attacks his conviction on the ground that his attorney was constitutionally deficient. Specifically, Price claims counsel should have attempted to suppress his post-arrest statement; asked the trial judge to tender an instruction on the lesser-included-offense of theft; and introduced photographs of the building to bolster Price's own testimony that he thought the building was abandoned. Price also attacks his sentence as unconstitutionally cruel because his co-defendants received significantly lesser punishments. After setting out the standards for evaluating Price's petition, we will address each claim in turn.

## HABEAS CORPUS STANDARDS

■ Price filed his petition in the fall of 1998 and, therefore, the 1996 amendments to the federal habeas corpus statute apply to this case. Under 28 U.S.C. § 2254(d)(1), Price cannot obtain habeas relief unless he establishes that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court."[1] In other words, this Court will not evaluate Price's claims de novo; rather, we analyze whether the Illinois appellate court decision was legally consistent with Supreme Court caselaw, and whether that court reasonably applied Supreme Court precedent to the facts of Price's case. "The statutory 'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir.1997).

---

1. Price does not challenge the state courts' factual findings. Therefore we need not set forth the standards dictated by § 2254(d)(2).

## ANALYSIS

Price claims that his conviction violates the Sixth Amendment because his defense attorney rendered ineffective assistance. He also maintains that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. Although Price appears to misapprehend our task in habeas by arguing the straightforward merits of his claims, we analyze his arguments as attacks on the state appellate court's adjudication of his claims.

## I. Ineffective Assistance of Counsel

Price rightly does not challenge the state court's enunciation of the standards for evaluating an ineffective-assistance claim. That court correctly set forth the test for ineffective assistance as determined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Price*, Nos. 1–96–0194 and 1–96–2132, at 5–6. Specifically, the state court required Price to establish both that his attorney's performance was objectively unreasonable, and that the deficient performance resulted in prejudice to Price. *Id.* at 5 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). Instead, Price argues that the state court's application of the *Strickland* test to his three ineffective-assistance claims was unreasonable. To succeed Price must establish a clear error in the state's application of the *Strickland* test. *See Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir.1997) ("[O]nly a clear error in applying *Strickland's* standard would support a writ of habeas corpus.").

■ First, Price claims that any reasonable attorney would have filed a motion to suppress his post-arrest statement and that, if the statement had been suppressed, there would have been no evidence that he had entered the building with the intent to commit theft. Thus, according to Price, counsel's failure to suppress the statement constituted objectively deficient assistance that prejudiced him at trial, and the state court's contrary conclusion was unreasonable.

We disagree. The state appellate court quite reasonably found that Price's post-arrest statement was offered to impeach Price's testimony that he entered the building for the sole purpose of using drugs. As impeachment evidence, the statement would have been admissible even if the trial court had suppressed the statement as an initial matter. *See Price*, Nos. 1–96–0194 and 1–96–2132, at 7 (citing *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971)). Because the statement was admissible impeachment evidence, the state court concluded that Price could not establish prejudice resulting from his attorney's failure to file a suppression motion. That conclusion is not only reasonable, it is absolutely correct. Thus, Price is not entitled to habeas corpus relief on his claim that counsel should have attempted to suppress the post-arrest statement.

■ Second, Price argues that his attorney should have tendered an instruction on the lesser-included offense of theft, and that had such an instruction been given the jury most likely would have convicted him of theft rather than burglary. The Illinois court, however, dismissed this claim:

> Defense counsel's strategy throughout the trial was that [Price] was in the garage only to use drugs, that at no time did he intend to commit a theft[,] and at no time was there any direct evidence presented to prove him guilty of burglary.... At the jury instruction conference, it was [Price's] position that he was not guilty of anything, which is inconsistent with a claim that he was guilty of theft.

*Price*, Nos. 1–96–0194 and 1–96–2132, at 9. The state appellate court correctly noted that strategic trial decisions, even (perhaps especially) when the strategy doesn't work, generally cannot form the basis for a claim of ineffective assistance. *See, e.g., Holman*, 126 F.3d at 881 ("*Strickland* builds in

an element of deference to counsel's choices in conducting litigation."). Again, the state court's determination that counsel's decision not to tender a theft instruction was consistent with his reasonable, although ultimately unsuccessful, trial strategy was fully compatible with *Strickland*'s admonition against second-guessing an attorney's decisions. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. For this reason, Price is not entitled to habeas corpus relief based on counsel's failure to tender a theft instruction.

■ Finally, Price asserts that counsel's performance was deficient because he failed to submit pictures of the burgled building that would have supported his own testimony that he believed the building was abandoned. The state court rejected this claim after concluding Price could not establish prejudice resulting from counsel's omission. That court relied on the fact that Price testified at length to the building's dilapidated appearance, and counsel thoroughly cross-examined each of the arresting officers about the building's disrepair. During those cross-examinations, each officer admitted that the roof was collapsing, but also stated that each door and window was properly secured. Again, the Illinois appellate court reasonably applied *Strickland* to the facts: it concluded that a picture of the building would not have significantly added to the witness' descriptions and, therefore, that Price did not establish prejudice resulting from the lack of a picture.

## II. Cruel and Unusual Punishment

Initially we must address the State's argument that, on direct appeal, Price attacked his sentence as violating state law only and, therefore, did not fairly present his Eighth Amendment claim to the state courts. The State asserts Price has forfeited his right to present this claim in federal court. Although on direct appeal Price framed his sentencing challenge in terms of state law and cited only to Illinois cases, we believe Price adequately alerted the state court to the constitutional nature of his claim. *Bocian v. Godinez*, 101 F.3d 465, 470 (7th Cir.1996) ("A pragmatic assessment of the case leads us to conclude that Bocian effectively relayed to the Illinois Appellate Court the substance of his legal argument such that the court could have addressed the 'severe sentence' claim in terms of federal law.") Throughout his appellate brief Price bemoans the severity of his sentence in relation to those of his co-defendants, and argues that the fourteen-year sentence was unduly harsh. (*See, e.g.*, Price App.Br. at 23 ) ("Price's sentence was grossly excessive and should be reduced"); *id.* ("It is unconscionable to sentence the defendant to 14 years imprisonment"). As a pragmatic matter, state law offered Price a more auspicious basis for reversing his sentence than does federal law and, we expect, this in large part informed Price's appellate attorney's presentation of the sentencing challenge. In any event, we conclude the state was alerted to the federal nature of Price's sentencing challenge, and thus we turn to the merits of his argument.

■ This, however, is as far as Price gets; his Eighth Amendment challenge is meritless. As the state appellate court found, "[Price's] 14–year sentence was clearly within the statutory midrange of 6–to–30 years." *Price*, Nos. 1–96–0194 and 1–96–2132, at 11 (citing 730 ILCS 5/5–8–1(a)(3)). Price does not cite a single case, much less authority from the Supreme Court, suggesting that a fourteen-year sentence for burglary is either cruel or unusual for a repeat offender, and in fact he cannot. Legislatures have broad authority to determine the range of punishments for crimes, and federal habeas courts must defer to a state court's discretionary decision to sentence a defendant within that range. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

■ Furthermore, evidence of Price's co-defendants' lesser sentences is irrelevant to the constitutionality of his sen-

tence. "[T]he focus of the inquiry is not on punishment across cases but on whether the quantum of punishment in a specific case is proportionate to the crime for which the defendant has been convicted." *United States v. Contreras*, 937 F.2d 1191, 1195 (7th Cir.1991) (Eighth Amendment challenge to federal sentence on direct appeal); *see also Holman v. Page*, 95 F.3d 481, 486 (7th Cir.1996) ("Discretion, even if it ends in grossly unequal treatment according to culpability, does not entitle a guilty defendant to avoid a sentence appropriate to his own crime." (quotation omitted)). As we have already concluded, Price's fourteen-year sentence for robbery is fully consistent with the Eighth Amendment. For this reason, we also deny Price's petition with respect to his sentencing claim.

## CONCLUSION

For the reasons set forth above, we deny Price's petition for a writ of habeas corpus (R. 1.) The Clerk of the Court is instructed to enter judgment pursuant to Federal Rule of Civil Procedure 58.